# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LARRY LEROY JOHNSON, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. CIV 08-372-FHS-SPS |
| | ) |
| JANE STANDIFIRD, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff has filed a Motion Seeking Extraordinary Writ of Mandamus [Docket #44]. He alleges he was diagnosed by medical personnel at the OU Medical Center and at Lindsay General Hospital, but "key components" of his files are missing or no longer are part of his records at his DOC facility. He is asking the court to compel the Oklahoma Department of Corrections and Defendant Warden Jane Standifird to "produce all of [Plaintiff's] requested medical files and due to [Plaintiff's] debilitated state, assist [Plaintiff] in the organization of said medical files upon release to [Plaintiff]."

The Defendants have responded to the motion [Docket #48], asserting that all of Plaintiff's relevant medical records maintained by DOC were produced in the special report filed in this case [Docket #42]. Plaintiff is requesting his own medical records from two medical facilities that are not controlled by DOC, and DOC cannot obtain Plaintiff's records from these facilities without a HIPPA-compliant medical release and authorization. The Defendants maintain Plaintiff can contact the medical providers and request the records himself, and he has not shown he has made any such attempts to obtain the records.

The Court finds that the Plaintiff's request for extraordinary relief is essentially a motion to compel the production of documents. Such a motion is misdirected against the Defendants, as they are neither in possession of the documents sought by the Plaintiff nor in control of the non-parties that *do* have possession. The Plaintiff must instead proceed directly against those non-parties. *See, e. g.,* Fed. R. Civ. P. 34 ("As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection."). Accordingly, the Plaintiff's Motion Seeking Extraordinary Writ of Mandamus [Docket No. 44], which the Court elects to treat as a motion to compel, is hereby DENIED.

**IT IS SO ORDERED** this 1st day of September, 2009.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**